# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| Shayla N. Butler, | |
| Bankruptcy Case No. 25-02227 | |
| Debtor | Adversary No. |
| _____ | |
| BLC Prime Lending Fund II, LLC, | |
| Plaintiff, | |
| v. | |
| Shayla Butler, | |
| Defendant. | |
| _____ | |

### COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF INDEBTEDNESS

Plaintiff, BLC Prime Lending Fund II, LLC, ("Plaintiff"), brings this complaint against Defendant, Shayla Butler ("Defendant"), for a determination that the judgment entered in favor of Plaintiff and against Defendant in state court is non-dischargeable pursuant to Section 523(a)(2)(A), 523(a)(2)(B), or 523(a)(4) of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

### STATUTORY PREDICATE FOR RELIEF, PARTIES, JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to section 523(a)(2)(A), 523(A)(2)(B), and 523(a)(4) of the Bankruptcy Code.

2. Plaintiff is a limited liability company with its principal place of business in the state of California.

3. Defendant is an individual who was also a defendant in the underlying state court case.

4. On information and belief, Defendant currently resides in Cook County, Illinois.

5. On Feb. 14, 2025, (the "Petition Date"), Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code.

6. The Court has jurisdiction under 28 U.S.C. § 1334.

7. This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## FACTS AND LAW SUPPORTING NON-DISCHARGEABILITY

9. On February 7, 2022, Plaintiff, through its attorneys, filed an eight-count complaint in state court against Defendant and other parties.

10. The case caption for that case is <u>BLC Prime Lending Fund II, LLC v. Pinnacle Multi-Holdings Acquisitions, et al</u>, with the case number of 2022 CH 1033 ("Chancery Case").

11. The Chancery Case was filed in the Chancery Division of the Cook County Circuit Court in Cook County, Illinois.

12. The Chancery Case included (commercial) foreclosure, breach of promissory note and breach of guaranty counts.

13. In the Chancery Case, among other allegations, Plaintiff alleged that Defendant breached her guaranty for the commercial mortgage and promissory note held by her company, Pinnacle Multi-Acquisitions Holdings, LLC ("Pinnacle").

14. After nearly a year of litigation, summary judgment was entered against Defendant in the amount of $9,296,765.12 on Dec, 12, 2022 on Count V of the complaint for breach of guaranty.

15. Defendant was represented by counsel during the Chancery Case.

16. Defendant signed a guaranty with Plaintiff for Pinnacle's mortgage and promissory note.

17. In the process of obtaining the loan for her company, Pinnacle, Defendant submitted false information and documents to Plaintiff.

18. Tiffany Perkins was a purported business partner of Defendant.

19. Tiffany Perkins and Defendant both applied for the loan Plaintiff made to Pinnacle.

20. Defendant falsely represented Defendant's ownership in Pinnacle in documents including an Incumbency Certificate and LLC Operating Agreement that were submitted to Pinnacle as part of the loan application process for Pinnacle.

21. Defendant falsely represented her business background and experience in multiple documents submitted to Plaintiff as part of the loan application process for Pinnacle.

22. Defendant regularly allowed her business partner, Tiffany Perkins, to represent that Defendant had an ownership or management interest in businesses so that Tiffany Perkins could use Shayla Butler's higher credit rating to obtain loans even though Shayla Butler was not involved in the businesses.

23. Defendant represented that she had an ownership or management interest in Pinnacle even though she later claimed she did not have an actual ownership interest in Pinnacle.

24. In testimony under oath in the Chancery Case, Defendant testified that with Defendant's knowledge and consent, Tiffany Perkins would regularly represent that Defendant had an ownership or management interest in certain businesses.

25. Defendant allowed Tiffany Perkins to falsely represent her ownership in an attempt to improve credit applications for Tiffany Perkins' businesses.

26. Defendant further created or signed false operating agreements including the one for Pinnacle.

27. These operating agreements falsely stated that Defendant had an ownership or management interest in the businesses, including Pinnacle.

28. Defendant created or caused to be submitted to Plaintiff documents claiming that had either an ownership interest, management interest, or both in several limited liability companies or corporations in which Defendant had no ownership on management interest.

29. After judgment was entered in the Chancery Case, Plaintiff submitted credit bids for the South Shore and Cicero properties which were involved in the Chancery Case.

30. The amount of the credit bids were $3,500,000.00 for South Shore and $4,000,000.00 for the Cicero property, respectively.

31. The credit bids were successful.

32. Due to the successful credit bids, Defendant is entitled to a $7,500,000.00 credit to be applied and reduce her judgment balance.

33. Plaintiff will incur damages if the Judgment is discharged.

34. The judgment and debt are not dischargeable pursuant to the statutes cited in this Complaint.

## COUNT ONE – 523(a)(2)(A) – FALSE PRETENSES

35. Plaintiff incorporates paragraphs one through thirty-four into Count One by reference.

36. Defendant made willful misrepresentations to Plaintiff in the process of applying for a loan to her company, Pinnacle.

37. Defendant made representations that she knew to be false or that she made with reckless disregard for the truth.

38. Defendant acted with intent to deceive Plaintiff.

39. Plaintiff justifiably relied on Defendant's statements and representations.

40. Through her actions described in the facts, Defendant is in violation of 11 U.S.C. § 523(a)(2)(A).

41. The debt owed to Plaintiff should not be discharged because the judgment Defendant owes to Plaintiff was obtained by false pretenses.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests entry of an order:

A. Declaring that the debt owed to Plaintiff is not dischargeable pursuant to section 523(a)(2)(A) or any other section of the Bankruptcy Code.

B. Awarding Plaintiff a non-dischargeable judgment against Defendant for the debt owed to Plaintiff in the amount of $1,796,765.12, and statutory post-judgment interest incurred prior to Defendant's bankruptcy petition filing.

C. Providing for such other relief as justice may require.

COUNT TWO – 523(a)(2)(A) – FALSE REPRESENTATION

42. Plaintiff incorporates paragraphs one through thirty-four into Count Two by reference.

43. Plaintiff pleads Count Two alternatively or in addition to Count One.

44. Defendant made willful misrepresentations to Plaintiff to obtain the loan for her company, Pinnacle.

45. Defendant made representations to Plaintiff that she knew to be false or that she made with reckless disregard for the truth.

46. Defendant acted with intent to deceive Plaintiff.

47. Plaintiff justifiably relied on Defendant's statements.

48. Through her actions described in the facts, Defendant is in violation of 11 U.S.C. § 523(a)(2)(A).

49. The debt owed to Plaintiff should not be discharged because the judgment Defendant owes to Plaintiff was obtained by false representations.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests entry of an order:

A. Declaring that the debt owed to Plaintiff is not dischargeable pursuant to section 523(a)(2)(A) or any other section of the Bankruptcy Code.

B. Awarding Plaintiff a non-dischargeable judgment against Defendant for the debt owed to Plaintiff in the amount of $1,796,765.12, and statutory post-judgment interest incurred prior to Defendant's bankruptcy petition filing.

C. Providing for such other relief as justice may require.

COUNT THREE – 523(a)(2)(A) – ACTUAL FRAUD

50. Plaintiff incorporates paragraphs one through thirty-four into Count Three by reference.

51. Plaintiff pleads Count Three alternatively ot in addition to Count One.

52. Defendant's actions in obtaining the loan for her company, Pinnacle, constituted fraud.

53. Defendant had an intent to defraud Plaintiff.

54. Defendant's actions were a deceit, artifice, or design involving direct and active operation of the mind, used to circumvent and cheat Plaintiff.

55. Defendant's fraud created the debt and judgment that is the subject of this Adversary Complaint.

56. Through her actions described in the facts, Defendant is in violation of 11 U.S.C. § 523(a)(2)(A).

57. The debt owed to Plaintiff should not be discharged because the judgment Defendant owes to Plaintiff was obtained by fraud.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests entry of an order:

A. Declaring that the debt owed to Plaintiff is not dischargeable pursuant to section 523(a)(2)(A) or any other section of the Bankruptcy Code.

B. Awarding Plaintiff a non-dischargeable judgment against Defendant for the debt owed to Plaintiff in the amount of $1,796,765.12, and statutory post-judgment interest incurred prior to Defendant's bankruptcy petition filing.

C. Providing for such other relief as justice may require.

### COUNT FOUR – 523(a)(2)(B)

58. Plaintiff incorporates paragraphs one through thirty-four into Count Four by reference.

59. Plaintiff pleads Count Four alternatively or in addition to the other counts.

60. Plaintiff advanced money to Defendant through Defendant's company, Pinnacle, based on Defendant's false written statements regarding her financial condition and the false written statements regarding Defendant's financial condition.

61. Defendant made one or more statements to Plaintiff in writing.

62. One of more of the statements were materially false.

63. The statements concerned Defendant's ownership of business entities or her financial condition.

64. Defendant intended to deceive Plaintiff in making the representations.

65. Plaintiff relied on one or more of the statements or representations.

66. Plaintiff's reliance was justifiable.

67. Plaintiff's reliance was reasonable.

68. Through her actions described in the facts, Defendant is in violation of 11 U.S.C. § 523(a)(2)(B).

69. The debt owed to Plaintiff should not be discharged.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff requests entry of an order:

A. Declaring that the debt owed to Plaintiff is not dischargeable pursuant to section 523(a)(2)(B) or any other section of the Bankruptcy Code.

B. Awarding Plaintiff a non-dischargeable judgment against Defendant for the debt owed to Plaintiff in the amount of $1,796,765.12 and also include statutory interest incurred prior to Defendant's bankruptcy petition filing.

C. Providing for such other relief as justice may require.

DATED: May 8, 2025

                                              LAW OFFICES OF NATHAN LOLLIS, LLC

                                              Attorney for Plaintiff

                                              s / Nathan Lollis

                                              _____

                                              Nathan Lollis

ARDC No. 6257247
Nathan Lollis
Law Offices of Nathan Lollis, LLC
72 S. La Grange Rd., Ste. 7
La Grange, Illinois 60525
P 312-788-9898  F 877-788-9871
nathan@lollis-law.com