**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Shayla N. Butler | ) | Bankruptcy No. 25 B 02227 |
| | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | Judge Jacqueline P. Cox |

### MEMORANDUM IN SUPPORT OF MOTION TO AVOID LIEN

NOW COMES Shayla N. Butler, the Debtor, by and through her attorney, David P. Lloyd, and, in support of her motion to avoid the judgment lien of BLC Prime Lending Fund II, LLC ("BLC"), states as follows:

The Debtor filed her motion to avoid lien on July 11, 2025, set for hearing on July 22, 2025. At that hearing, counsel for BLC suggested that one or more senior lienholders might receive payment from the sale, by the Trustee, of other collateral held by those lienholders. As a result, counsel suggested, the claims of the senior lienholders might be reduced, making equity in the Debtor's residence available to support BLC's judgment lien, which is currently totally unsecured.

At the conclusion of the July 22 hearing, the Court set a briefing schedule, with BLC to file a response by August 23, 2025, and the Debtor to reply by September 12. BLC has not filed a response; but its suggestion that a post-petition sale of other collateral held by a senior lienholder would affect the computation of the equity in the Debtor's home is not valid, as the measuring date for that computation is the filing date of the bankruptcy petition.

In In re VanZant, 210 B.R. 1011, 1997 WL 425779 (Bk. S.D. Ill. 1997), the court held that "In adopting this expansive definition of 'impairment,' Congress established that when a debtor acts to avoid a judicial lien under § 522(f)(1)(A), the lien will survive only if, <u>at the time of the bankruptcy filing</u>, the debtor's property has sufficient value to satisfy all liens on the property

including the judicial lien and, at the same time, give effect to the debtor's exemption in the property." In re VanZant, 210 B.R. at 1014 (emphasis added).

In In re Vokac, 273 B.R. 553, 2002 WL 200925 (Bk. N.D. Ill. 2002), Judge Squires of this District cited VanZant in confirming that the measuring date for the value of the equity in a debtor's residence is the filing date. "Next, the Court must determine which value of the Property to utilize—the Debtors' value of the Property listed on their Schedules at $161,500.00 or the appraisal of the Property, which was performed by a licensed appraiser approximately three months after the filing of the bankruptcy petition valuing the Property at $210,000.00, an increase of $48,500.00 over the Debtors' scheduled value. The Court holds that the appropriate time to measure the value of the Debtors' Property is at the time of the bankruptcy filing." In re Vokac, 273 B.R. at 556-557.

The Debtor's motion to avoid lien properly sets out the value of the Debtor's home, and the amounts due to each senior lienholder, as of the filing date of this case. As of the filing date, there was negative equity in the Debtor's home, and no equity to support BLC's judgment lien. No potential post-petition change in value or the amounts due senior lienholders is relevant to the analysis. The Court should grant the Debtor's motion and avoid BLC's judgment lien in full.

WHEREFORE the Debtor prays that the judgment lien of BLC Prime Lending Fund II, LLC, be avoided.

    Respectfully submitted,
    Shayla N. Butler

    By:   /s/ David P. Lloyd
        One of her attorneys

David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265